UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS LEE ARNOLD,           Civil Action No.:1:25-cv-03952

                Plaintiff,           **COMPLAINT**

      -against-                **JURY TRIAL DEMANDED**

FILEMON REODIQUE, M.D. and UNITED STATES
OF AMERICA,

                Defendants.
-----------------------------------------------------------------X

Plaintiff, THOMAS LEE ARNOLD, by his attorneys, REDMOND LAW FIRM, PLLC, complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. That at all times herein mentioned, Plaintiff THOMAS LEE ARNOLD, was and still is a resident of the State of New York, County of Suffolk.

2. Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "UNITED STATES"), is a sovereign entity of the United States of America and, as such, is responsible for the practices, policies, and customs of its agencies, including the Department of Defense and specifically the United States Army Garrison at Fort Hamilton, the Department of the Navy and for the acts of persons employed by or operating under the authority of its agencies, including FILEMON REODIQUE, M.D., as well as the hiring, screening, training, supervising, controlling, and disciplining of those persons.

3. Jurisdiction with this Honorable Court is proper pursuant to 28 U.S.C. § 1346(b) (Federal Tort Claims Act) and other applicable federal law, as it provides the remedy with respect to plaintiff's claims against defendants. The cause of action arose in the State of New York, County of Kings.

4. The Department of the Army, as part of the United States Department of Defense, is the federal agency responsible for the management and operation of the processing facility located at 116 White Avenue, Fort Hamilton, Brooklyn, New York 11252, where the plaintiff's injuries occurred. While the medical screening related to the U.S. Navy enlistment process, the U.S. Army has been confirmed by federal counsel as the proper agency of jurisdiction under the FTCA for purposes of this claim.

5. That the cause of action arose in the State of New York, County of Kings.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $ 5,000,000.00.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTY

8. Plaintiff THOMAS LEE ARNOLD is a male resident of the County of Suffolk, City of Deer Park in the State of New York.

9. Defendant DR. FILEMON REODIQUE is a male resident of the County of Richmond, City of Staten Island in the State of New York.

10. Defendant, UNITED STATES, is a sovereign entity of the United States of America and, as such, is responsible for the practices, policies, and customs of its agencies, including the Department of Defense and specifically the United States Army Garrison at Fort Hamilton, Department of the Navy and for the acts of persons employed by or operating under the authority of its agencies, including FILEMON REODIQUE, M.D., as well as the hiring, screening, training, supervising, controlling, and disciplining of those persons.

## STATEMENT OF FACTS

11. That on or about November 13, 2023, Plaintiff THOMAS LEE ARNOLD was present at a military entrance processing facility (MEPS) located at 116 White Avenue, Fort Hamilton, Brooklyn, NY 11252, operated and administered by the Department of the Army, a military medical screening and processing facility, under the authority of the UNITED STATES.

12. That on or about November 13, 2023, Plaintiff THOMAS LEE ARNOLD was undergoing a hearing test and medical screening associated with his processing for U.S. Navy enlistment, but all relevant personnel, including defendant Dr. Filemon Reodique, were operating under the auspices of the Department of the Army, which maintains administrative authority over the facility. The U.S. Army has formally accepted jurisdiction over this claim pursuant to the FTCA.

13. Plaintiff THOMAS LEE ARNOLD resides in the County of Suffolk, City of Deer Park, and State of New York.

14. On or about November 13, 2023, Plaintiff THOMAS LEE ARNOLD was caused to be injured while defendant FILEMON REODIQUE, M.D. was performing an ear cleaning procedure using a specific tool, which was suggested during military processing for a hearing test.

## FIRST CAUSE OF ACTION

15. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "14" with the same force and effect as if fully set forth herein.

16. That at all times hereinafter mentioned, defendant FILEMON REODIQUE, M.D., was a physician, duly licensed to practice medicine in the State of New York.

17. That defendant FILEMON REODIQUE, M.D., held himself out as a duly qualified physician to render proper and adequate medical services to members of the military and general public, including THOMAS LEE ARNOLD.

18. That at all times mentioned herein, defendant FILEMON REODIQUE, M.D., was an employee of the UNITED STATES within the United States Army Garrison at Fort Hamilton.

19. That at all times mentioned herein, defendant FILEMON REODIQUE, M.D., was an employee of the UNITED STATES within the Department of the Navy.

20. That at all times mentioned herein, defendant FILEMON REODIQUE, M.D., was professionally affiliated with the United States Army Garrison at Fort Hamilton, an agency of the UNITED STATES.

21. That at all times mentioned herein, defendant FILEMON REODIQUE, M.D., was professionally affiliated with the Department of the Navy, an agency of the UNITED STATES.

22. That on or about November 13, 2023, the UNITED STATES operated a military facility at 116 White Ave. Fort Hamilton, Brooklyn, NY 11252

23. That on or about November 13, 2023, the UNITED STATES owned the military facility at 116 White Avenue, Fort Hamilton, NY 11252.

24. That on or about November 13, 2023, the UNITED STATES managed the military facility at 116 White Avenue, Fort Hamilton, NY 11252.

25. That on or about November 13, 2023, the UNITED STATES controlled the military facility at 116 White Avenue, Fort Hamilton, NY 11252.

26. That on or about November 13, 2023, Plaintiff THOMAS LEE ARNOLD was present at a military entrance processing facility (MEPS) located at 116 White

Avenue, Fort Hamilton, Brooklyn, NY 11252, operated and administered by the Department of the Army. The hearing test and medical screening being performed were associated with the Plaintiff's processing for U.S. Navy enlistment, but all relevant personnel, including defendant Dr. Filemon Reodique, were operating under the auspices of the Department of the Army, which maintains administrative authority over the facility. The U.S. Army has formally accepted jurisdiction over this claim pursuant to the FTCA.

## SECOND CAUSE OF ACTION-MEDICAL MALPRACTICE

27. The plaintiff repeats, reiterates, and realleges each and every allegation in the complaint contained herein, as designated in paragraphs hereof marked "1" through "26" inclusive, with the same force and effect as if more fully and completely set forth at length herein.

28. That on or about November 13, 2023, plaintiff THOMAS LEE ARNOLD was undergoing processing with the military at a medical screening and processing facility operated by or under the authority of the UNITED STATES at Fort Hamilton, U.S. Army Garrison.

29. That on or about November 13, 2023, plaintiff THOMAS LEE ARNOLD was present at and receiving services from a military medical screening and processing facility operated by or under the authority of the UNITED STATES at Fort Hamilton, U.S. Army Garrison.

30. That on or about November 13, 2023, plaintiff THOMAS LEE ARNOLD was present at and receiving services from a military medical screening and processing facility operated by or under the authority of the UNITED STATES at Fort Hamilton, U.S Navy.

31. That on or about November 13, 2023, plaintiff THOMAS LEE ARNOLD was a patient receiving medical services at a facility operated by or under the authority of the UNITED STATES at Fort Hamilton, U.S. Army Garrison.

32. That on or about November 13, 2023, plaintiff THOMAS LEE ARNOLD was a patient receiving medical services at a facility operated by or under the authority of the UNITED STATES at Fort Hamilton, U.S. Navy.

33. That on or about said date, plaintiff came under the care and treatment of defendant FILEMON REODIQUE, M.D.

34. That the defendants FILEMON REODIQUE, M.D. and the UNITED STATES, their agents, servants, and/or employees were careless and negligent and departed from the accepted standards of medical care and practice in their ownership, operation, maintenance, supervision, care, and control of the premises and in the medical treatment rendered to THOMAS LEE ARNOLD by the Department of the Navy and/or The United States Army Garrison at Fort Hamilton; in failing to appropriately perform the ear lavage procedure on November 14, 2023; in improperly performing the ear lavage on THOMAS LEE ARNOLD, utilizing a spray bottle and curette, which resulted in an inadvertent traumatic injury to the left tympanic membrane (eardrum) due to improper technique; in failing to immediately recognize and mitigate the severe injury sustained during the lavage, despite the immediate onset of extreme ear pain, pressure, discharge, and sensation of fullness in the left ear experienced by THOMAS LEE ARNOLD; in failing to exercise that degree of professional care and diligence necessary under such circumstances; in failing to properly examine and observe THOMAS LEE ARNOLD during and immediately after the ear lavage procedure; in failing to appreciate the significant symptoms and diagnostic findings, including the diagnosed perforation of the

left tympanic membrane following the procedure; in failing to manage the risks to THOMAS LEE ARNOLD during the ear cleaning procedure, leading to a perforated left tympanic membrane, significant hearing loss, persistent ear pain, and tinnitus from the affected ear; necessitating extensive follow-up care including multiple ENT consults and ultimately a left-sided tympanoplasty with cartilage graft surgery performed on March 15, 2024, by Dr. Sabbir Khan; further resulting in a prolonged recovery period, taste disturbances; incurring financial implications and morbidity from all the above; and in generally being careless and departing from accepted medical practices, all of which caused and precipitated the aforesaid occurrence and injuries due to the medical malpractice of the defendants, their agents, servants and/or employees, as aforesaid, and without any negligence or carelessness on the part of the plaintiff herein.

35. That the aforesaid occurrence and injuries were caused by the medical malpractice of the defendants, their agents, servants and/or employees, as aforesaid, and without any negligence or carelessness on the part of the plaintiff herein.

36. That as a result of the foregoing, the plaintiff THOMAS LEE ARNOLD, has sustained damages against the defendants in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York.

### THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION, TRAINING & SUPERVISION

37. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "36" inclusive, with the same force and effect as though herein more fully set forth at length.

38. Prior to and at all times herein mentioned, the defendant UNITED STATES, through its agencies including the United States Army Garrison at Fort Hamilton and/or

the Department of the Navy, failed to perform adequate background investigations and interviews of potential employees, agents, and independent contractors; and negligently performed such investigations and interviews, causing the UNITED STATES to hire and/or retain persons, including FILEMON REODIQUE, M.D., who were incompetent, poorly trained, inexperienced, or negligent in the provision of medical services.

39. Prior to and at all times herein mentioned, the defendant UNITED STATES, through its agencies including the United States Army Garrison at Fort Hamilton and/or the Department of the Navy, was negligent in that it failed to exercise reasonable care in the retention, hiring, and training of its employees, agents, and independent contractors, so that such employees, agents, and independent contractors, including FILEMON REODIQUE, M.D., failed to deliver medical care and services to THOMAS LEE ARNOLD in a reasonably safe and beneficial manner.

40. Prior to and at all times herein mentioned, the defendant UNITED STATES, through its agencies including the United States Army Garrison at Fort Hamilton and/or the Department of the Navy, was negligent in that it failed to supervise its employees, agents, and independent contractors, so that such employees, agents, and independent contractors, including FILEMON REODIQUE, M.D., failed to deliver medical care and services to THOMAS LEE ARNOLD in a reasonably safe and beneficial manner.

41. That as a result of the foregoing, plaintiff THOMAS LEE ARNOLD damaged in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

## FOURTH CAUSE OF ACTION FOR NEGLIGENCE

42. The plaintiff repeats, reiterates and realleges each and every allegation in the complaint contained herein, as designated in paragraphs hereof marked "1" through "41"

inclusive, with the same force and effect as if more fully and completely set forth at length herein.

43. That plaintiff THOMAS LEE ARNOLD, as a direct result of the aforementioned occurrence, sustained severe and permanent bodily injuries including, but not limited to, a perforated left tympanic membrane, significant hearing loss, persistent ear pain, tinnitus, and taste disturbances, which have resulted in conscious pain and suffering and a loss of enjoyment of life up to and including the present time.

44. That the aforesaid occurrence and the resulting injuries were caused solely by the medical malpractice and negligence of the defendants, FILEMON REODIQUE, M.D. and the UNITED STATES, their agents, servants, and/or employees, as aforesaid, and without any negligence or carelessness on the part of the plaintiff THOMAS LEE ARNOLD.

45. That by reason of the medical malpractice and negligence of the defendants herein, plaintiff THOMAS LEE ARNOLD was caused to and did sustain grievous, severe, and permanent personal injuries.

46. That as a direct and proximate result of the aforementioned occurrence, and the aforementioned negligent and wrongful acts and/or omissions, plaintiff THOMAS LEE ARNOLD has sustained significant damages, including damages for past and future loss of earnings, conscious pain and suffering, loss of enjoyment of life, medical expenses, and other related economic and non-economic damages, for which plaintiff is entitled to full and fair compensation.

47. That as a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

**WHEREFORE,** plaintiff demands judgment against the defendants in each Cause of Action in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, together with the costs and disbursements of this action.

Dated: New York, New York
July 16, 2025

REDMOND LAW FIRM, PLLC

By: _____
Cornelius Redmond, Esq.
Attorneys for Plaintiff
80 Broad Street, Suite 1202
New York, New York 10004
(212) 799-8989

## **VERIFICATION**

STATE OF NEW YORK      }
                       } ss:
COUNTY OF NEW YORK   }

I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am a member of the firm REDMOND LAW FIRM, PLLC, attorneys of record for the plaintiff in the within action; I have read the foregoing

## **COMPLAINT**

and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true. The reason this verification is made by me and not by the plaintiff is that deponent maintains offices outside the County in which plaintiff resides.

The grounds of my belief as to all matters not stated upon my knowledge, are as follows: entire file maintained in your deponent's offices, investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       July 16, 2025

By: _____
    Cornelius Redmond, Esq.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | INDEX No. 1:25-cv-03952 |

THOMAS LEE ARNOLD,

                              Plaintiff,

      -against-

FILEMON REODIQUE, M.D. and UNITED STATES OF AMERICA,

                              Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**REDMOND LAW FIRM, PLLC**
Attorneys for Plaintiff
80 Broad Street, Suite 1202
New York, New York 10004
Tel: (212) 799-8989
Fax: (212) 461-7189

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous

_____
**CORNELIUS REDMOND, ESQ.**
**REDMOND LAW FIRM, PLLC**

_____

**[ ] Notice of Entry**
that the within is a (certified) true copy of a
duly entered in the Office of the Clerk of the within named court on          20

**[ ] Notice of Settlement**
that an order                    of which the within is a true copy
will be presented to the Hon.               one of the judges of the within court at

on         20    at    M.

Dated:                                     Yours, etc.

                                       **REDMOND LAW FIRM, PLLC**
                                       80 Broad Street, Suite 1202
                                       New York, New York 10004
                                       **(212) 799-8989**